MARSHALL STEWART, III and EVELYN STEWART v. JAMES ALLEN GRAHAM, COMMISSIONER, NORTH CAROLINA DEPARTMENT OF AGRICULTURE; WILLIAM G. PARHAM, DEPUTY COMMISSIONER, NORTH CAROLINA DEPARTMENT OF AGRICULTURE; ALEX M. LEWIS, CONTROLLER, NORTH CAROLINA DEPARTMENT OF AGRICULTURE; SAMUEL G. RAND, MANAGER, NORTH CAROLINA STATE FAIR; JANE SMITH PATTERSON, SECRETARY, NORTH CAROLINA DEPARTMENT OF ADMINISTRATION; CHARLES E. GRADY, DIRECTOR, STATE PROPERTY OFFICER, NORTH CAROLINA DEPARTMENT OF ADMINISTRATION

No. 8410SC435

(Filed 5 February 1985)

**State §§ 2, 4— lease of State property—invalid contract—no waiver of sovereign immunity**

> In an action by plaintiff flea market operators alleging breach of their oral contract to lease buildings on the grounds of the N. C. State Fair, the trial court properly determined that it had no jurisdiction over the subject matter because of the doctrine of sovereign immunity, since the purported contract between plaintiffs and defendants was not approved by the Governor and Council of State pursuant to G.S. 146-27, was not a valid contract, and therefore could not constitute an exception to the application of the sovereign immunity rule.

APPEAL by plaintiffs from *Ellis, Judge.* Order entered 6 February 1984 in Superior Court, WAKE County. Heard in the Court of Appeals 6 December 1984.

Plaintiffs are operators of a Flea Market located on the grounds of the North Carolina State Fair (State Fair). Plaintiffs allege breach of their oral contract to lease Education and Commercial Buildings from State Fair, a division of the North Carolina Department of Agriculture. Defendants are all state officials or employees. The land to be leased is state land. Prior leases between plaintiffs and State Fair were in the name of the State and were executed on its behalf by the Governor and Secretary of State. Each prior lease recites its approval by the Governor and Council of State. The last such lease was signed on 6 April 1981 and provided for a three-year term.

In granting defendants' motion to dismiss, the court stated that it had "no jurisdiction to entertain the causes of action alleged." Plaintiffs appeal.

*Purser, Cheshire, Manning & Parker, by Thomas C. Manning, for plaintiff appellants.*

*Attorney General Edmisten, by Special Deputy Attorney General T. Buie Costen and Deputy Attorney General Millard R. Rich, Jr., for defendant appellees.*

WHICHARD, Judge.

All parties agree that the issue determined by the trial court and hence reviewable on appeal is whether the trial court's jurisdiction over the subject matter of the controversy is defeated by the doctrine of sovereign immunity. Under that doctrine, the State cannot be sued without its consent. *Smith v. State*, 289 N.C. 303, 309, 222 S.E. 2d 412, 417 (1976).

Consent is implicitly given, however, whenever the State enters into a valid contract. *Id.* at 320, 222 S.E. 2d at 423-24. In the event it breaches, the State has implicitly consented to be sued for damages on the contract. *Id.* In such case the doctrine of sovereign immunity is no defense and the State occupies the same position as any other litigant. *Id. See also MacDonald v. University of North Carolina*, 299 N.C. 457, 263 S.E. 2d 578 (1980); *Wojsko v. State*, 47 N.C. App. 605, 267 S.E. 2d 708 (1980).

Plaintiffs contend that the decision in *Smith*, which abrogates the doctrine of sovereign immunity for breach of contract, confers jurisdiction on the court here. We disagree.

*Smith* contemplates a waiver of sovereign immunity only when the State has entered into a "valid contract." *Smith*, 289 N.C. at 320, 222 S.E. 2d at 424. "The State is liable only upon contracts authorized by law." *Id.* at 322, 222 S.E. 2d at 425. Plaintiffs here have not alleged or proven the existence of a valid contract in accordance with law enforceable against the State.

Chapter 146 of the General Statutes governs the management, control, and disposition of state lands. Article 7, Subchapter II of Chapter 146 specifically controls the disposition of state lands or interests therein. G.S. 146-27 provides, "Every sale, lease, or rental of land owned by the State or by any State agency shall be made by the Department of Administration and approved by the Governor and Council of State." Further, "[a]ny sale, lease, rental or other disposition of State lands or of any interest or right therein, made or entered into contrary to the provisions of this Chapter, shall be voidable in the discretion of the Governor and Council of State." G.S. 146-66.

For purposes of upholding legislative intent, we decline to distinguish between an agreement to lease, as here, and a lease agreement. An agreement to lease should be governed by the

same statutory provisions as a lease itself. To hold otherwise would defeat the legislative intent to protect the State and taxpayers from liability for the unauthorized and invalid agreements of the State's numerous agents.

Plaintiffs allege that defendants Lewis, Rand, and Pitzer made oral representations to them which constituted an oral contract to enter a lease subsequent to the expiration of their prior lease and upon which they relied. Under the provisions of G.S. 146-27, *supra,* however, only the Department of Administration, upon approval by the Governor and Council of State, has the authority to create an enforceable contract for the lease of land owned by the State.

Not having been approved by the Governor and Council of State, the purported oral agreement between plaintiffs and defendants Lewis, Rand, and Pitzer, therefore, is not the valid contract with the State which the *Smith* exception to sovereign immunity requires. Since the State has not explicitly or implicitly consented to be sued, the court correctly determined that it had no jurisdiction and dismissed the action.

Affirmed.

Chief Judge HEDRICK and Judge EAGLES concur.